Filed 10/27/15  P. v.Richards CA5

**NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b). This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

## IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

## FIFTH APPELLATE DISTRICT

| | |
|---|---|
| THE PEOPLE,<br><br>Plaintiff and Respondent,<br><br>v.<br><br>JAMES DEMARCO RICHARDS,<br><br>Defendant and Appellant. | F068894<br><br>(Super. Ct. No. F012904565)<br><br>**OPINION** |

### THE COURT*

APPEAL from a judgment of the Superior Court of Fresno County. John F. Vogt, Judge.

Diane E. Berley, under appointment by the Court of Appeal, for Defendant and Appellant.

Kamala D. Harris, Attorney General, Michael P. Farrell, Assistant Attorney General, Louis M. Vasquez, Amanda D. Cary and Lewis A. Martinez, Deputy Attorneys General, for Plaintiff and Respondent.

-ooOoo-

---

\*       Before Levy, Acting P.J., Detjen, J. and Franson, J.

Defendant James DeMarco Richards was convicted by jury trial of several counts of sex offenses and two counts of dissuading a witness by force or threat. On appeal, he contends, and the People concede, that the weapon use enhancements attached to the two counts of dissuading a witness by force or threat were improper. We will strike the two enhancements, vacate the sentence, and remand for resentencing.

## BACKGROUND

In the original information, defendant was charged with six counts of various sex offenses and, in counts 5 and 8, two counts of second degree robbery (Pen. Code, § 211).[1] Two types of weapon use allegations were charged in connection with the crimes. Connected to each sex offense was an allegation that defendant used a deadly weapon, a knife, pursuant to section 12022.3, subdivision (a)—a weapon use enhancement specific to certain sex offenses.[2] Connected to both counts 5 and 8 was an allegation that defendant personally used a deadly or dangerous weapon, a knife, pursuant to section 12022, subdivision (b)(1)—a weapon use enhancement applicable to felony offenses.[3]

In the first amended information, count 8 was changed from robbery to dissuading a witness by force or threat (§ 136.1, subd. (c)(1)). For an unknown reason, the weapon use allegation connected to it was changed from a section 12022, subdivision (b)(1) felony allegation to a section 12022.3, subdivision (a) sex offense allegation.

---

[1]     All statutory references are to the Penal Code unless otherwise noted.

[2]     Section 12022.3, subdivision (a) provides: "For each violation of Section 220 involving a specified sexual offense, or for each violation or attempted violation of Section 261, 262, 264.1, 286, 288, 288a, or 289, and in addition to the sentence provided, any person shall receive the following: [¶] (a) A 3-, 4-, or 10-year enhancement if the person uses a firearm or a deadly weapon in the commission of the violation."

[3]     Section 12022, subdivision (b)(1) provides: "A person who personally uses a deadly or dangerous weapon in the commission of a felony or attempted felony shall be punished by an additional and consecutive term of imprisonment in the state prison for one year, unless use of a deadly or dangerous weapon is an element of that offense."

2.

In the third amended information, count 5 was also changed from robbery to dissuading a witness by force or threat (§ 136.1, subd. (c)(1)).[4] The prosecutor informed the court that count 5's weapon allegation should also be changed from a section 12022, subdivision (b)(1) allegation to a section 12022.3, subdivision (a) allegation, and that all of the counts should have the same section 12022.3, subdivision (a) weapon use allegation. The court amended the information as requested.

The jurors were instructed on the weapon use allegations with CALCRIM No. 3145, which is expressly applicable to weapon use allegations under sections 667.61, subdivision (e)(3), 1192.7, subdivision (c)(23), 12022, subdivision (b)(1) and (2), and 12022.3.

On the verdict forms for all counts, the jurors found true the allegation that defendant personally used a deadly weapon, to wit, a knife.[5]

The trial court sentenced defendant to two consecutive 25-year-to-life sentences, plus a determinate term of 34 years. On counts 5 and 8, specifically, the court enhanced the terms by four years each, pursuant to section 12022.3, subdivision (a).

## DISCUSSION

Defendant contends the trial court erred in enhancing counts 5 and 8 with the four-year weapon use enhancement applicable to sex offenses under section 12022.3, subdivision (a). The People concede, but note that because the jury made the specific finding that defendant personally used a deadly weapon in the commission of the offense,

---

[4] The record does not contain a second amended information.

[5] We note that all but one verdict form cited section 12022.3, subdivision (a), as follows: "defendant … in the commission of the above count did … personally use a deadly weapon, to wit: KNIFE, within the meaning of VIOLATION OF THE PENAL CODE SECTION 12022.3(a), a felony, as charged in the Third Amended Information filed herein." Whereas, on the verdict form for count 3, a sex offense, the allegation stated only the following: "defendant … in the commission of the above count did … personally use a deadly weapon, to wit: KNIFE."

he should be resentenced with the appropriate weapon use enhancement under section 12022, subdivision (b)(1). We agree that the current four-year enhancements should be stricken and the matter remanded for resentencing on counts 5 and 8 because the section 12022.3, subdivision (a) weapon use allegations were not applicable to the charges of dissuading a witness pursuant to section 136.1, subdivision (c)(1).

## DISPOSITION

The judgments of conviction are affirmed. The four-year section 12022.3, subdivision (a) weapon use enhancements on counts 5 and 8 are stricken. The sentence is vacated and the matter remanded to the trial court for resentencing. The court is directed to forward certified copies of the amended abstract and minute order to the appropriate entities.